IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

May 27, 2015

SYLATHUM STREETER,              )
                                )
            Appellants,         )
                                )
v.                              )          CASE NO. 2D13-4547
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
_____)

BY ORDER OF THE COURT:

Upon consideration of Appellant's motion for rehearing filed March 19, 2015,

IT IS ORDERED that Appellant's motion for rehearing is granted. The opinion dated March 4, 2015, is hereby withdrawn and the attached opinion is substituted therefor. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

JAMES R. BIRKHOLD, CLERK

cc: Anthony W. Surber, Esq.
    Attorney General
    Clerk of Court

SYLATHUM STREETER, )
           )
        Appellant, )
           )
v. )         Case No. 2D13-4547
           )
STATE OF FLORIDA, )
           )
        Appellee. )
           )
_____ )

Opinion filed May 27, 2015.

Appeal from the Circuit Court for Polk County;
Catherine L. Combee, Judge.

Anthony W. Surber, Mulberry, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Sonya Roebuck Horbelt,
Assistant Attorney General, Tampa, for
Appellee.

MORRIS, Judge.

        Sylathum Streeter appeals his two mandatory life sentences for first-degree murder, as well as the 280-year aggregate sentence for three counts of attempted first-degree murder, seven counts of attempted felony murder, three counts of shooting or throwing a missile into a dwelling, vehicle, building, or aircraft, and two counts of burglary with assault or battery.[1] Because Streeter received two mandatory

_____
        [1]The sentences arose from two different circuit court cases, CF98-002950 and CF98-02951A.

life sentences without the possibility of parole for first-degree murders that he committed when he was a juvenile, we reverse those sentences consistent with Miller v. Alabama, 132 S. Ct. 2455 (2012), and Falcon v. State, 40 Fla. L. Weekly S151 (Fla. March 19, 2015). See also Toye v. State, 133 So. 3d 540 (Fla. 2d DCA 2014).

Streeter also challenges his 280-year aggregate sentence for the nonhomicide offenses. This and other courts previously held that aggregate term-of-years sentences did not violate the rule prohibiting a life sentence for a juvenile offender for a singular, nonhomicide offense as set forth in Graham v. Florida, 560 U.S. 48 (2010). See, e.g., Walle v. State, 99 So. 3d 967, 970 (Fla. 2d DCA 2012); Peters v. State, 128 So. 3d 832, 855-56 (Fla. 4th DCA 2013); Henry v. State, 82 So. 3d 1084 (Fla. 5th DCA 2012). However, the Florida Supreme Court recently quashed the Fifth District's Henry decision, holding "that the constitutional prohibition against cruel and unusual punishment under Graham is implicated when a juvenile nonhomicide offender's sentence does not afford any 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' " Henry v. State, 40 Fla. L. Weekly S147, S149 (Fla. March 19, 2015) (quoting Graham, 560 U.S. at 75). Thus, where a trial court imposes an aggregate term-of-years sentence that ensures that the juvenile offender will not have that opportunity—as in this case—the sentence is unconstitutional under Graham. See id.; see also Gridine v. State, 40 Fla. L. Weekly S149 (Fla. March 19, 2015) (seventy-year prison sentence for attempted first-degree murder conviction deemed unconstitutional under Graham). We therefore reverse Streeter's 280-year aggregate prison sentence for the nonhomicide offenses.

Upon remand, the trial court should resentence Streeter in conformance with chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes. See Horsley v. State, 40 Fla. L. Weekly S155 (Fla. March 19, 2015); see also Henry, 40 Fla. L. Weekly at S149; Falcon, 40 Fla. L. Weekly at S151.

Reversed and remanded for resentencing in conformance with this opinion.

CASANUEVA and BLACK, JJ., Concur.